IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 24-1512

_____

NORTH CAROLINA A. PHILIP RANDOLPH
INSTITUTE; ACTION NC,

   Plaintiffs - Appellees,

     v.

NORTH CAROLINA STATE BOARD OF
ELECTIONS, et al.,

   Defendants - Appellants.

_____

PLAINTIFFS-APPELLEES' OBJECTIONS TO DOCKETING STATEMENT
_____

Pursuant to Rule 3(b) of the Local Rules of this Court, Plaintiffs-Appellees North Carolina A. Philip Randolph Institute and Action NC respectfully submit the following supplement to Defendants-Appellants' Docketing Statement (Doc 11-1)[1]:

**Nature of Case**

Plaintiffs filed this civil action in the District Court for the Middle District of North Carolina alleging that N.C.G.S. § 163-275(5) violated the Due Process and Equal Protection Clauses of United States Constitution. The challenged statute, which was

---

[1] A version reflecting Plaintiffs-Appellees' edits to Defendants-Appellants' Docketing Statement is included as Appendix A.

1

enacted in 1877 and reenacted in 1899, made it a strict liability felony "[f]or any person convicted of a crime which excludes the person from the right of suffrage, to vote at any primary or election without having been restored to the right of citizenship in due course and by the method provided by law." Defendants are the North Carolina State Board of Elections, its Executive Director, and its members, as well as the State's forty-two independently-elected District Attorneys.

Following fact and expert discovery, Plaintiffs moved for summary judgment on both claims. In response to Plaintiffs' motion, Defendants conceded that the law was enacted with discriminatory intent and continues to have a disproportionate effect on Black citizens of North Carolina to this day. While Plaintiffs' motion was pending, the North Carolina General Assembly amended N.C.G.S. § 163-275(5) to require that any violation of the statute be done "knowing the right of citizenship has not been restored in due course and by the method provided by law." The effective date of the amended statute was January 1, 2024. The amendment to the statute is not retroactive.

In light of this amendment, the Magistrate Judge recommended that the action be dismissed for lack of subject matter jurisdiction and that the motion for summary judgment be denied as moot. The District Court disagreed and reversed the recommendation because the Magistrate Judge failed to apply the correct mootness standard established by the Supreme Court and Defendants failed to satisfy their burden to establish the case had become moot. By separate order, the District Court granted Plaintiffs' motion for summary judgment, concluding that the prior version of N.C.G.S.

§ 163-275(5), which remains applicable to all voters in elections before January 1, 2024, violated both the Equal Protection and Due Process Clauses because there was no dispute the statute was enacted with discriminatory intent and continues to have a disproportionate impact on Black citizens, and because the challenged statute is too vague to prevent arbitrary and discriminatory enforcement. The court later entered final judgment enjoining any further enforcement of the prior version of N.C.G.S. § 163-275(5) by Defendants.

**Issues**

1. Whether the District Court had subject matter jurisdiction to enter final judgment against Defendants.

2. Whether the District Court correctly held that the Defendants failed to satisfy their burden to establish that the case had become moot after N.C.G.S. § 163-275(5) was amended in part on a prospective basis only.

3. Whether the District Court correctly held that the pre-amendment version of N.C.G.S. § 163-275(5) violated the Equal Protection and Due Process Clauses.

Dated: July 1, 2024

By: __/s/ *Jeffrey Loperfido*__

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood
David Elbaum
Jacob Lundqvist
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
jyoungwood@stblaw.com
david.elbaum@stblaw.com
jacob.lundqvist@stblaw.com

SOUTHERN COALITION FOR SOCIAL JUSTICE
Jacob H. Sussman
Jeffrey Loperfido
Mitchell D. Brown
PO Box 51280
Durham, NC 27717
Tel: (919) 323-3380
Fax: (919) 323-3942
jsussman@scsj.org
jeffloperfido@scsj.org
mitchellbrown@scsj.org

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF SERVICE

I certify that on the 1st day of July, 2024, the foregoing Objections to Docketing Statement was served through the ECF system to all counsel of record.

/s/ *Jeffrey Loperfido*
Jeffrey Loperfido

**APPENDIX A**[2]

**Nature of Case**

Plaintiffs filed this civil action in the District Court for the Middle District of North Carolina alleging that N.C.G.S. § 163-275(5) violated the Due Process and Equal Protection Clauses of United States Constitution. The challenged statute, which was enacted in 1877 and reenacted in 1899, made it a strict liability felony "[f]or any person convicted of a crime which excludes the person from the right of suffrage, to vote at any primary or election without having been restored to the right of citizenship in due course and by the method provided by law." Defendants are the North Carolina State Board of Elections, its Executive Director, and its members, as well as the State's forty-two independently-elected District Attorneys.

Following fact and expert discovery, Plaintiffs moved for summary judgment on both claims. In response to Plaintiffs' motion, Defendants conceded that the law was enacted with discriminatory intent and continues to have a disproportionate effect on Black citizens of North Carolina to this day. While ~~p~~Plaintiffs' motion ~~for summary judgment~~ was pending, the North Carolina General Assembly amended N.C.G.S. § 163-275(5) to require that any violation of the statute be done ~~knowing that one's citizenship right has not been restored~~ "knowing the right of citizenship has not been restored in due

---

[2] Plaintiffs-Appellees' additions (deletions) to the docketing statement are indicated in blue (red/strikethrough).

course and by the method provided by law." The effective date of the amended statute was January 1, 2024. The amendment to the statute is not retroactive.

In light of this amendment, the Magistrate Judge recommended that the action be dismissed for lack of subject matter jurisdiction and that the motion for summary judgment be denied as moot. The District Court disagreed and reversed the recommendation because the Magistrate Judge failed to apply the correct mootness standard established by the Supreme Court and Defendants failed to satisfy their burden to establish the case had become moot. By separate order, the District Court granted ~~p~~Plaintiffs' motion for summary judgment, concluding that the prior version of N.C.G.S. § 163-275(5), which remains applicable to all voters in elections before January 1, 2024, violated both the Equal Protection and ~~d~~Due ~~p~~Process Clauses ~~and equal protection~~ because there was no dispute the statute was enacted with discriminatory intent and continues to have a disproportionate impact on Black citizens, and because the challenged statute is too vague to prevent arbitrary and discriminatory enforcement. The court later entered final judgment enjoining any further enforcement of the prior version of N.C.G.S. § 163-275(5) by ~~d~~Defendants.

**Issues**

1. Whether the District Court had subject matter jurisdiction to enter final judgment against Defendants.

2. ~~Whether the prior version of N.C.G.S. § 163-275(5) violated the United States Constitution.~~

2. Whether the District Court correctly held that the Defendants failed to satisfy their burden to establish that the case had become moot after N.C.G.S. § 163-275(5) was amended in part on a prospective basis only.

3. Whether the District Court correctly held that the pre-amendment version of N.C.G.S. § 163-275(5) violated the Equal Protection and Due Process Clauses.